IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILLIE STEVERSON, JR.**                                                **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO.: 3:16CV214-NBB-DAS**

**BILL RASCO, ET AL.**                                                  **DEFENDANTS**

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's motion for reconsideration of this Court's January 12, 2017, judgment dismissing his civil rights lawsuit for failure to state a cognizable constitutional violation and as frivolous. The motion was received by the Court on December 26, 2017. *See* Doc. #17.

### Applicable Legal Standard

When a party seeks relief from an order or judgment more than twenty-eight days after entry of the order or judgment, the motion is properly considered under Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 n.1 (5th Cir. 2004) (noting case filed within 28 days of the entry of the challenged judgment is considered a Rule 59(e) motion; otherwise, it is considered a Rule 60(b) motion); *Williams v. Thaler*, 602 F.3d 291, 303 n.7 (5th Cir. 2010) (noting amendment of Rule 59(e) extending the ten-day filing deadline to twenty-eight days).

To obtain relief under Rule 60(b), a party must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b) (quotation marks omitted).

## Discussion

In the instant motion, Plaintiff argues that his rights were violated, and that it would be plain error to refuse to let his lawsuit proceed. The Court has already determined that Plaintiff's grievances against Defendants fail to raise a cognizable constitutional claim. *See, e.g.*, Doc. #12. Plaintiff has not presented the Court with any new information that would create "extraordinary circumstances" warranting a reopening of the judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rather, Plaintiff seeks only to reurge his claims, and therefore, the instant motion will be denied. *See Gen. Universal Sys. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004) (holding party "may not use a Rule 60(b) motion as an occasion to relitigate its case").

## Conclusion

For the reasons as set forth herein, Plaintiff's motion for reconsideration [17] is **DENIED**.

**SO ORDERED**, this 4th day of January, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE